Laura M. Parent
vs.                          W. C. A. No. 804
International Braid Co.

### February 16, 1928.

TANNER, P. J. This is a Workmen's Compensation case in which the petitioner testifies that she was injured during the course of her employment in the factory of the defendant; that the tip of her index finger on the left hand was caught between the rolls of the machine on the front of the machine; that this accident occurred on the 26th of August, 1927; that she lost time in her employment and suffered the amputation of one phalange of the finger and a severe injury to the second phalange.

It does not appear that anybody heard of this injury before the 8th of September following. Petitioner went to the out-patient department of the Rhode Island Hospital for treatment very soon after the injury but they did not discover that hers was a compensation case until about the 8th of September, when they told her that she didn't belong in the out-patient department, but must have private treatment. Petitioner made several statements as to the time when the injury occurred, stating to several different persons, including the agents of the insurance company and Dr. Palmer, surgeon for the insurance company, that the accident occurred on the 31st day of August. She claims that all these persons are mistaken as to the date which she gave them.

Dr. Palmer says that if she had been injured on the 31st day of August, infection would not have appeared when it did, but that if she was injured on the 26th of August, it would have appeared when it did. Mr. Hammond, foreman of the spinning department, says that petitioner could not have received the injury which she claims. She says she received it on the front of the machine. Mr. Hammond says that on the front of the machine the rolls revolve outward so that her finger could not have been taken between the rolls. One witness testifies that petitioner told him that she had hurt her finger on her sewing machine and if he kept his mouth shut, she would get $200. Petitioner says that this man had forced his attentions on her and insulted her and declared that he would get even with her because she refused his attentions.

We are not particularly impressed with this last named witness, but, upon the whole, considering that the burden is upon the petitioner to prove that the injury arose out of and in the course of her employment, we are unable to say that she has sustained this burden of proof, and must therefore decline to grant the petition.

For petitioner: Flynn & Mahoney.

For respondent: Henshaw, Lindemuth & Baker.